JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California  94102
    Telephone:  (415) 436-6488
    Fax:  (415) 436-7234
    Email: Derek.Owens@usdoj.gov

Attorneys for Applicant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-0104 JCS |
| Plaintiff, | ) | |
| | ) | UNITED STATES' SENTENCING |
| v. | ) | MEMORANDUM |
| | ) | |
| AARON LAMONT JONES, | ) | Hearing:    August 27, 2008 |
| | ) | Time:    9:30 a.m. |
| Defendant. | ) | Courtroom:    15th Floor |
| | ) | Hon. Joseph C. Spero |

## I. INTRODUCTION

On May 16, 2008, defendant Aaron Lamont Jones pled guilty to one count of theft of government property, in violation of 18 U.S.C. § 641.  This Court has set August 27, 2008, at 9:30 a.m. as the date for judgment and sentencing.  The government submits the following sentencing memorandum in order to advise the Court of the government's sentencing guideline calculations, any objections to the presentence report ("PSR"), and its sentencing recommendation.

//

//

CR 08-0104 JCS UNITED STATES'
SENTENCING MEMORANDUM

## II. BACKGROUND

A.     <u>Defendant's Offense Conduct</u>[1]

On August 25, 2005, the day Hurricane Katrina hit the United States, defendant was living at 2528 Griffith Avenue in San Francisco, California. The defendant has never lived in the area that was impacted by Hurricane Katrina. On or about October 5, 2005, his girlfriend instructed him how to apply for the Federal Emergency Management Agency (FEMA) relief assistance that was available for victims of Hurricane Katrina. His girlfriend assisted him in searching online for a New Orleans address to use in his application for FEMA relief assistance.

Defendant filed a false FEMA application using the false New Orleans address and falsely stated that: 1) his primary residence was 1808 Franklin Avenue, New Orleans, Louisiana; 2) he was displaced to a family/friend's house after the hurricane; 3) his home was damaged by the disaster; 4) he had personal property damaged by the disaster; 5) he lost work due to the disaster; and 6) his access was restricted to his home due to mandatory evacuation. Defendant made all of these false statements with the intent to induce FEMA to provide him with money. Based on these false statements, FEMA sent him a check in the amount of $2,358, that he subsequently cashed on or about October 19, 2005, in San Francisco, California.

## III. SENTENCING GUIDELINES CALCULATIONS

A.     <u>Offense Level Computation and Criminal History Computation</u>
    1.    Base Offense Level, U.S.S.G. § 2B1.1(a)(2):    6
    2.    Acceptance of Responsibility, U.S.S.G. § 3E1.1:    -2
    3.    Adjusted offense level:    4

The parties have agreed to the adjusted offense level of 4 based on the above computation. The government concurs with the computation by U.S. Probation that the defendant has 3 criminal history points, and a Criminal History Category of II.

//
//
//

---

[1] The facts supporting the offense conduct are taken from paragraph 2 of the Plea Agreement and the PSR.

IV. ARGUMENT

THE COURT SHOULD IMPOSE A SENTENCE THAT
INCLUDES PROBATION AND RESTITUTION.

The overarching statutory charge for a court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a) and (a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

At sentencing, the Court must begin by determining the applicable Guidelines range. The range must be calculated correctly. *Id*. In this sense, the Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 128 S.Ct. 558, 574 (quoting *United States v. Gall*, 128 S.Ct. 586, 596), and are to be kept in mind throughout the process, *Gall*, 128 S.Ct. at 596-97 n. 6.

After hearing from the parties' positions, the district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties, i.e., it should consider the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a)(1)-(7); *Gall*, 128 S.Ct. at 596-97 n. 6.

A.     <u>The Defendant Has Earned A Sentence of Three Years of Probation.</u>

The Guideline range for the offense conduct is 0-6 months. The government recommends a sentence of three years of probation, and restitution for the amount that the defendant stole from the FEMA disaster relief program.

At sentencing a Court should look at "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Here, the defendant is a healthy, thirty-seven year-old man who has worked, at most, nineteen months in his life. PSR ¶¶ 9-10. He is presently unemployed and is

addicted to marijuana. *See id.* The instant offense involved the defendant taking advantage of a disaster relief program designed to aid the victims of one of this country's most significant natural disasters. His actions required FEMA to focus on helping him, a resident of San Francisco, rather than focusing on the true victims of the tragedy in the southern United States. This offense is very serious. The Court should also impose a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

The Court should also impose a sentence that "provides the defendant with needed educational and vocational training." 18 U.S.C. § 3553(a)(2)(D). This is an important aspect of sentencing in this case, mainly because this was a financial crime by a defendant who has essentially demonstrated no ability to provide adequate support for himself or his four daughters. A sentence of three years of probation will provide a degree of punishment, but more importantly will provide an opportunity for this Court to impose conditions that will motivate the defendant to abandon the unemployed lifestyle he is accustomed to. The government suggests conditions of his probation that impose a series of goals and require him to: 1) enroll in vocational training, 2) complete training, 3) use the training to obtain employment, and 4) maintain that employment. This will allow defendant to work towards paying his restitution and also develop a new lifestyle that includes employment.

     B.     <u>Restitution Amount</u>

The defendant has agreed to pay restitution in the amount of $2,358, and that he will pay at least $100 per month, with the first payment to be made within 60 days after sentencing. *See* Plea Agreement, ¶8.

     C.     <u>Special Assessment Payment</u>

The plea agreement in this case requires that the defendant pay the $25 special assessment at sentencing. *See* Plea Agreement, ¶8. Consequently, the government requests that the Court collect the special assessment by requiring the defendant to pay the amount due to the courtroom deputy for delivery to the Clerk of the Court. *See* Plea Agreement, ¶8.

//

SENTENCING MEMORANDUM          4

## VI. CONCLUSION

For the reasons set forth above, the government recommends a sentence of three years of probation and $2,358 restitution.

DATED: August 20, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Derek Owens
DEREK R. OWENS
Assistant United States Attorney

CR 08-0104 JCS  UNITED STATES'
SENTENCING MEMORANDUM                5